UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
INFORMAL BRIEF

No.    24-2188              Megan Whittington v. Shenandoah County, VA, et al
                            5:21-CV-00066-TTC

1.     **Jurisdiction (for appellants/petitioners only)**
A.     Name of court or agency from which review is sought:


B.     Date(s) of order or orders for which review is sought:


2.     **Timeliness of notice of appeal or petition for review (for prisoners only)**
Exact date on which notice of appeal or petition for review was placed in institution's internal mailing system for mailing to court:


3.     **Issues for Review**
Use the following spaces to set forth the facts and argument in support of the issues you wish the Court of Appeals to consider. The parties may cite case law, but citations are not required.

**Issue 1.**

　　　The trial court was correct in denying Appellant's third motion to reopen the case under Rule 60(b).


**Supporting Facts and Argument.**

　　　Appellant's motion was untimely, and she failed to show fraud or "extraordinary circumstances" justifying reopening of the case. Appellees adopt the facts and argument contained in the trial court's Order of November 1, 2024, ECF 54.


**Issue 2.**

　　　The appeal of a denial of a motion to reopen under Rule 60(b) does not reach the merits of the underlying judgment and this court lacks jurisdiction to review the final order granting summary judgment and dismissing the case entered on July 7, 2022 (ECF 48).

**Supporting Facts and Argument.**

Appellant attempts to include the merits of the final order granting summary judgment and dismissing the case entered on July 7, 2022 (ECF 48) in this appeal of the denial of her motion to reopen under Rule 60 (b). *See* App's Br. Doc. 9, p. 2.

However, an appeal of Rule 60(b) ruling does not reach the merits of the underlying judgment. *See Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 263 n.7, 98 S. Ct. 556, 54 L. Ed. 2d 521 (1978); *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992). A Rule 60(b) motion may not substitute for a timely appeal. *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc); *see also United States v. Salas*, 807 F. App'x 218, 229 (4th Cir. 2020) ("We have consistently barred litigants from using Rule 60 to bring what are essentially untimely appeals.").

**Issue 3.**

**Supporting Facts and Argument.**

**Issue 4.**

**Supporting Facts and Argument.**

4.   **Relief Requested**
**Identify the precise action you want the Court of Appeals to take:**

Appellee requests that the Final Order entered July 7, 2022, be affirmed.

5.   **Prior appeals (for appellants/petitioners only)**
A.   Have you filed other cases in this Court?   Yes [ ] No [ ]
B.   If you checked YES, what are the case names and docket numbers for those appeals and what was the ultimate disposition of each?

_____
Signature
[Notarization Not Required]
Rosalie Pemberton Fessier, VSB #39030
[Please Print Your Name Here]

# CERTIFICATE OF SERVICE
**************************

I certify that on January 13, 2025, I served a copy of this Informal Brief with any attachments on all parties, addressed as shown below:

Megan Whittington, pro se
120 Hottel Road
Woodstock, VA  22664

_____
Signature

#00585808